**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LAURA CHRISTY MIDTOWN, LLC,<br><br>               Debtor. | Case No. 23-22845-shl<br><br>Chapter 11<br>Subchapter V |

## ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE
## TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 bankruptcy case of Laura Christy Midtown (the "Debtor") [Docket No. 33] (the "Motion"), with an opposition filed by the Debtor on March 27, 2024 [Docket No. 39], the Movant filing a reply on April 1, 2024 [Docket No. 40], and the Debtor having filed supplemental opposition [Docket No. 42];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists to convert this case to a case under Chapter 7 of the Bankruptcy Code*, including that the related Chapter 11 case of Davoud Ghatanfard (Case No. 23-22840) is being converted to Chapter 7; and the Court concluding that, based on statements in this case and during litigation elsewhere, questions remain regarding the relationship of this Debtor to Mr. Ghatanfard and Mr. Ghatanfard's other entities that should be examined by a Chapter 7 Trustee, particularly given allegations of fraudulent transfers made by Mr. Ghatanfard*; and the Court finding that notice of the Motion was adequate and proper under the

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

~~2.~~      Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

~~3.      This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4.      ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5.      The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6.      ***_Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions.  As explained at the hearing on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024._***

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: April 11, 2024
White Plains, New York

/s/ Sean H. Lane
The Honorable Sean H. Lane
United States Bankruptcy Judge