GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

|  | | |
|---|---|---|
| **Hearing Date: June 16, 2026** | | |
| **Hearing Time: 11:00 a.m. (ET)** | | |
| **Objection Date: June 9, 2026** | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                        :
                                                              :        Chapter 7
                                                              :        Case No. 23-22840 (SAB)
DAVOUD GHATANFARD a/k/a                                        :
DAVID GHATANFARD,                                             :
                                                              :
                                    Debtor.                   :

-------------------------------------------------------------x

In re:                                                        :
                                                              :        Chapter 7
                                                              :        Case No. 23-22845 (SAB)
LAURA CHRISTY MIDTOWN LLC,                                     :
                                                              :
                                    Debtor.                   :

-------------------------------------------------------------x

```
------------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of  :
Davoud Ghatanfard a/k/a David Ghatanfard,       :
                                                :
                        Plaintiff,              :
                                                :
-against-                                       :       Adv. Pro. No. 25- 07032 (SAB)
                                                :
ROSEY KALAYJIAN and HAMPTONS                    :
CONSULTING SERVICES LLC,                        :
                                                :
                        Defendants.             :
------------------------------------------------------------------x
```

### NOTICE OF HEARING ON TRUSTEES' JOINT MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING GLOBAL SETTLEMENT AGREEMENT

TO COUNSEL FOR THE SETTLING PARTIES, ALL KNOWN INDIVIDUAL CLASS MEMBERS, COUNSEL TO THE CLASS ACTION PLAINTIFFS, ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST, ALL PARTIES HAVING FILED NOTICES OF APPEARANCE, AND THE UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE** that upon the joint application, dated May 19, 2026, (the "Application") of Yann Geron (the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"), an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), the Trustees will move before the Honorable Shireen A. Barday, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on the **16th day of June, 2026, at 11:00 a.m. (ET)** (the "Hearing"), or as soon thereafter as counsel can be heard, for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated May 5, 2026 (the "Settlement Agreement") among the Trustees, on the one hand, and Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalayjian, and HCS, the "Settling Defendants"), on the other hand (collectively, the Trustees and the Settling Defendants are the "Parties"), providing for the settlement of all pending claims by and against the Parties, including those asserted in the District Court action entitled *Zivkovic v. Laura Christy Midtown LLC, et al.* (SNDY index number 17-00553) (the "Class Action"), the District Court action entitled *Zivkovic et ano v. Valbella at the Park, LLC* (SDNY Case No.: 22-cv-07344-AS) (the "Successor Liability Action"), and the above-captioned adversary proceeding commenced by the Ghatanfard Trustee against Kalayjian and HCS (Adv. Pro. No. 25-07032-sab) (the "Adversary Proceeding").

**PLEASE TAKE FURTHER NOTICE THAT THE PROPOSED SETTLEMENT PROVIDES FOR GENERAL RELEASES BETWEEN AND AMONG TRUSTEES, THE GHATANFARD ESTATE, THE LCM ESTATE, THE CLASS[1], GHATANFARD, KALAYJIAN, HCS, AND VATP.**

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bankruptcy Court's General Order M-543 ("General Order M-543") dated March 20, 2020, upon consent of the Parties, the Hearing will be conducted remotely via Zoom for Government. Parties wishing to participate in the Hearing, whether making a "live" or "listen only" appearance before the Bankruptcy Court, must arrange to make an electronic appearance (an "eCourt Appearance") no later than 4:00 p.m. (prevailing Eastern Time) one business day before the Hearing, through Zoom for Government. To do so, you may: (i) access the eCourt Appearances tool on the Bankruptcy Court's website at: https://www.nysb.uscourts.gov/ecourt-appearances; or (ii) visit the Bankruptcy Court's eCourt Appearances website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. For further information and instructions, you may also consult the Zoom Video Hearing Guide at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Application and exhibits have been filed electronically with the Clerk of the Bankruptcy Court and may be inspected by all registered users of the Court's website at http://www.nysb.uscourts.gov.  Copies of the Application and exhibits may be obtained by email request to the undersigned counsel for the Ghatanfard Trustee, Attn: Alexis Dreher, Paralegal, at adreher@geronlegaladvisors.com.

**PLEASE TAKE FURTHER NOTICE** that the Settlement Agreement generally provides that (i) the Settling Defendants will pay the Trustees a total of $3,500,000: $1,750,000 to each the Ghatanfard Trustee and to the LCM Trustee, (ii) the Adversary Proceeding will be dismissed with prejudice, (iii) the Successor Liability Action will be dismissed with prejudice, (iv) in the event of an uncured Payment Default, interest at the rate of 15% per annum will become due and owing the Trustees until the full Settlement Payment is received, (v) certain claims filed against the Debtors' estates be withdrawn or otherwise resolved, (vi) upon final distribution from the Debtors' estates, the Class Representative shall apply to the Class Action District Court to appoint a third-party Claims Administrator to distribute the net settlement funds to the Class, (vii) upon final payment to the Class, the Class Action will be dismissed with prejudice, and (viii) there will be a general release among the Trustees, the Debtors' estates, the Settling Parties, and the Class.

**PLEASE TAKE FURTHER NOTICE** that the method of calculation of individual awards of the Class members, the claim distribution mechanisms to Class members, and the treatment of any surplus of payments to Class members will be determined by the Class Action District Court and the appointed Claims Administrator.

**PLEASE TAKE FURTHER NOTICE** that the foregoing constitutes only a general summary of the salient terms of the Settlement Agreement and does not detail each of the terms and provisions thereof. All parties are encouraged to review the Application and the Settlement Agreement in their entirety before reaching a conclusion regarding the settlement.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

3

**PLEASE TAKE FURTHER NOTICE** that the Trustees have determined that the contemplated compromise and settlement of their claims against the Settling Defendants, as set forth in the Settlement Agreement, are fair, reasonable, and in the best interests of the Debtors, their estates and creditors.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application shall be made in writing, filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on a compact disc, in text searchable Portable Document Format (with a hard copy delivered directly to the Chambers of the Honorable Shireen A. Barday, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York 10004), and served in accordance with General Order M-399 or other form upon: (i) Geron Legal Advisors LLC, Attorneys for the Ghatanfard Trustee, 370 Lexington Avenue, Suite 1208, New York, New York 10017, Attn: Yann Geron, Esq. (ygeron@geronlegaladvisors.com), Nicole N. Santucci, Esq. (nsantucci@geronlegaladvisors.com) , and Alejandro J. Urquides, Esq. (aurquides@geronlegaladvisors.com); (ii) Togut, Segal & Segal LLP, Attorneys for the LCM Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Eitan Blander, Esq. (eblander@teamtogut.com), and (iii) United States Trustee, U.S. Federal Office Building, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Annie Wells, Esq. (annie.wells@usdoj.gov) and Mark Bruh, Esq. (mark.bruh@usdoj.gov), so as to be actually received by no later than seven days prior to the Hearing.  The ECF docket number to which the filing relates must be included in the upper right-hand corner of the caption of all objections.

Dated: New York, New York
May 18, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By:   */s/ Yann Geron*
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
       May 18, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By:  */s/ Neil Berger*
     Neil Berger, Esq.
     Eitan E. Blander, Esq.
     One Penn Plaza, Suite 3335
     New York, New York 10119
     (212) 594-5000
     neilberger@teamtogut.com
     eblander@teamtogut.com

5

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

**Hearing Date: June 16, 2026**
**Hearing Time: 11:00 a.m. (ET)**

**Objection Date: June 9, 2026**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| | : | Case No. 23-22840 (SAB) |
| DAVOUD GHATANFARD a/k/a | : | |
| DAVID GHATANFARD, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| | : | Case No. 23-22845 (SAB) |
| LAURA CHRISTY MIDTOWN LLC, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

```
--------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of  :
Davoud Ghatanfard a/k/a David Ghatanfard,       :
                                                :
                           Plaintiff,           :
                                                :
-against-                                       :       Adv. Pro. No. 25- 07032 (SAB)
                                                :
ROSEY KALAYJIAN and HAMPTONS                    :
CONSULTING SERVICES LLC,                        :
                                                :
                           Defendants.          :
--------------------------------------------------------------x
```

**TRUSTEES' JOINT APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT**

TO THE HONORABLE SHIREEN A. BARDAY,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"), an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), hereby submit their joint application (the "Application") for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated May 5, 2026 annexed hereto as Exhibit A (the "Settlement Agreement"), among the Trustees, on the one hand, and Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants"), on the other hand (collectively, the Trustees and the Settling Defendants are the "Settling Parties"), providing for the settlement of all pending claims by and against the

2

Parties and the Class (defined below), including those asserted in the Class Action (defined below), the Successor Liability Action (defined below), and the above-captioned adversary proceeding commenced by the Ghatanfard Trustee against Kalayjian and HCS (Adv. Pro. No. 25-07032-sab) (the "Adversary Proceeding"). In support of this Application, the LCM Trustee respectfully submits the Declaration of Eitan Blander, Esq., annexed hereto as Exhibit B (the "Blander Declaration") and the Ghatanfard Trustee respectfully submits the Declaration of Yann Geron, Esq., annexed hereto as Exhibit C (the "Geron Declaration").  In further support of the Application, the Trustees respectfully set forth and represent:

**Summary of the Relief Requested**

1.      The proposed settlement follows a long and complex history involving (i) a pre-petition judgment entered in favor of a class of certain former employees against the Debtors and others in excess of $5 million, (ii) alleged fraudulent conveyance claims asserted by the Ghatanfard Trustee against Kalayjian and HCS in the Adversary Proceeding, and (iii) alleged successor liability claims asserted by the LCM Trustee against VATP and others.  Following the appointment of the Trustees, significant discovery pursuant to Bankruptcy Rule 2004, and motion practice in the Adversary Proceeding and Successor Liability Action, the Settling Parties conducted several rounds of arms' length settlement negotiations. These continued efforts recently resulted in the Settlement Agreement which resolves all claims asserted by and between the Settling Parties and the Class.

2.      By this Application, the Trustees seek authorization, pursuant to Bankruptcy Rule 9019, to approve the Settlement Agreement which they believe is in the best interest of the Debtors, their estates and creditors, and which will enable each of the Trustees to recover $1,750,000 for their respective estates.

**Jurisdiction**

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

a.   The District Court Class Action Suit and Judgment

4.      On or about January 25, 2017, a group of employees (the "Class") sued LCM and Ghatanfard, among others, in the United States District Court for the Southern District of New York in an action entitled *Zivkovic v. Laura Christy Midtown LLC, et al.* bearing index number 17-00553 (the "Class Action"). In or about April 2022, a jury trial was held, and a verdict was entered in favor of the Class. On or about June 22, 2022, a judgment was entered against the Debtors and related entities and in favor of the Class in the amount of $5,092,017.85 plus interest, fees and costs (the "Judgment").

5.      In August 2022, the Class commenced an action in the United States District Court for the Southern District of New York against VATP entitled *Zivkovic et ano v. Valbella at the Park, LLC*, Case No.: 22-cv-07344-AS (the "Successor Liability Action"), asserting that VATP is the "alter ego" or successor of the LCM Debtor and that VATP should be liable for the Judgment.

6.      The full amount of the Judgment, plus interest, remains due and owing, and as further detailed below, the Class and its representative have filed timely proofs of claim in each of the Ghatanfard and LCM bankruptcy cases in the amount of the Judgment plus interest through the respective petition dates.

b.   The Debtors' Bankruptcy Proceedings

7.      On November 13, 2023, the Ghatanfard Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") [Ghatanfard DE 1].

8.      On November 13, 2024, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Ghatanfard Debtor estate [Ghatanfard DE 5].

9.      On November 14, 2023, the LCM Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code in the Bankruptcy Court [LCM DE 1].

10.      On November 14, 2023, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the LCM Debtor estate [LCM DE 5].

11.      While the Ghatanfard Debtor's chapter 11 case was pending, the Ghatanfard Debtor filed a motion seeking to settle the estate's claims against Kalayjian for $500,000 [Ghatanfard DE 59] (the "Prior Ghatanfard 9019 Motion").  The settlement proposed under the Prior Ghatanfard 9019 Motion was not approved.

12.      While the LCM Debtor's chapter 11 case was pending, the LCM Debtor filed a motion seeking to settle the estate's claims against VATP for $500,000 [LCM DE 37] (the "Prior LCM 9019 Motion"). The settlement proposed under the Prior LCM 9019 Motion was not approved.

13.      On April 11, 2024, the Bankruptcy Court entered an order in each Debtor's case converting such case to one under chapter 7 of the Bankruptcy Code [Ghatanfard DE 68 and LCM DE 44].

14.     On April 29, 2024, the Ghatanfard Trustee was appointed as the interim chapter 7 trustee of the Ghatanfard Debtor's bankruptcy estate [Ghatanfard DE 81]. He has since qualified and is currently serving as permanent chapter 7 trustee of the Ghatanfard Debtor's estate.

15.     On April 29, 2024, the LCM Trustee was appointed as the interim chapter 7 Trustee of the LCM Debtor's bankruptcy estate [LCM DE 57]. He has since qualified and is currently serving as permanent chapter 7 trustee of this estate.

16.     Ghatanfard's bankruptcy schedules list a 100% ownership interest in LCM, a 10% ownership interest in Oak Grove Road LLC, and a 50% ownership interest in real property located at 56 Oak Grove Road, Southampton, New York 11968 (the "Southampton Property") [Ghatanfard DE 32]. Kalayjian owns the remaining 50% of the Southampton Property.

17.     By a complaint dated November 13, 2025, the Ghatanfard Trustee commenced the Adversary Proceeding against Kalayjian and HCS seeking to recover alleged fraudulent transfers made by Ghatanfard to these defendants. On December 22, 2025, Kalayjian and HCS answered the Ghatanfard Trustee's complaint and generally denied liability and asserted various other defenses to the claims asserted in the Adversary Proceeding complaint. The Adversary Proceeding is pending.

c.  Claims Filed Against the Debtors' Estates

18.     The following proofs of claim have been filed against the Ghatanfard Debtor[2]:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | Wooster 76 LLC | General, Unsecured | $187,375.05 |
| 2 | Wilmington Savings Fund Society, FSB | Secured (against the Southampton Property) | $2,120,941.21 |
| 3 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,463,767.38 |
| 4 | Pavle Zivkovic, Individually | General, Unsecured | $242,500.00 |
| 5 | Penachio Malara, LLP | Chapter 11 Administrative | $100,000.00 |

---

[2]   The claims bar date in the Ghatanfard chapter 7 case was October 25, 2024 [Ghatanfard DE 100].

| 6 | Valbella at the Park, LLC | General, Unsecured | $928,509.85 |

19.    On April 23, 2024, the Ghatanfard Debtor objected to claim nos. 3 and 4 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "Ghatanfard Employee Claims"), which claim objections are pending (together, the "Ghatanfard Claim Objections") [Ghatanfard DE 77].

20.    The following proofs of claim have been filed against the LCM Debtor[3]:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | New York State Department of Labor | Priority | $897.43 |
| 2 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,464,177.53 |
| 3 | Pavle Zivkovic, Individually | General, Unsecured | $492,500.00 |
| 4 | Internal Revenue Service | Priority | $5,311.01 |
| 4 | Internal Revenue Service | General, Unsecured | $656.29 |
| 5 | New York State Department of Taxation &Finance | Priority | $200.05 |
| 5 | New York State Department of Taxation &Finance | General, Unsecured | $13.92 |
| 6 | Yann Geron, as Chapter 7 Trustee of the Estate of David Ghatanfard | General, Unsecured | Unliquidated |

21.    On April 23, 2024, the LCM Debtor objected to claim nos. 2 and 3 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "LCM Employee Claims"), which claim objections are pending (together, the "LCM Claim Objections") [LCM DE 53].

d.  The Global Settlement

22.    The Trustees have worked diligently to understand the nature of the underlying estate claims against the Settling Defendants and to ascertain if there is a way to consensually resolve the various claims asserted by and against the Parties.  The Trustees reviewed pleadings, orders, and decisions in the Class Action and Bankruptcy Court cases, obtained Bankruptcy Court

---

[3]    The claims bar date in the LCM chapter 7 case was October 28, 2024 [LCM DE 74].

authority to issue 2004 subpoenas upon the Settling Defendants and other third parties, obtained

financial records of the Debtors and their insiders, reviewed 2004 document production received

from insiders and third parties, and analyzed suspect transactions by and among the Debtors and

the Settling Defendants.   Over the course of two years, the Parties engaged in intermittent

settlement discussions, which initially did not bear fruit.  As time progressed, the Ghatanfard

Trustee commenced the Adversary Proceeding and the LCM Trustee continued the Successor

Liability Action.   Finally, after numerous settlement conferences and persistent good faith

negotiations, the Settling Parties and counsel to the Class agreed to a settlement in principle, which

was recently memorialized in the Settlement Agreement.

### Relief Requested

23.    By this Application, the Trustees seek approval of the Settlement Agreement. The

Settlement Agreement generally provides[4] that (i) the Settling Defendants will pay the Trustees a

total of $3,500,000: $1,750,000 each to the Ghatanfard Trustee and the LCM Trustee, (ii) the

Adversary Proceeding will be dismissed with prejudice, (iii) the Successor Liability Action will

be dismissed with prejudice, (iv) in the event of an uncured Payment Default, interest at the rate

of 15% per annum will become due and owing to each of the Trustees until the full Settlement

Payment is received, (v) certain claims filed against the Debtors' estates be withdrawn or otherwise

resolved, (vi) upon final distribution from the Debtors' respective estates to the Class, the Class

Representative shall apply to the Class Action District Court to appoint a third-party claims

administrator (the "Claims Administrator") to distribute the net settlement funds to the Class,

(vii) upon final payment to the Class, the Class Action will be dismissed with prejudice, and

---

[4]    The summary of the terms of the Settlement Agreement is included as a matter of convenience. Parties should not
rely exclusively on the summary and are encouraged to review the terms of the Settlement Agreement in their
entirety.

8

(viii) there will be a general release among the Trustees, the Debtors' estates, the Settling Defendants, and the Class.

**Applicable Legal Standards**

24.     Bankruptcy Rule 9019 provides that "[o]n a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *Fischer v. Pereira (In re 47-49 Charles Street, Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); *In re Fugazy*, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

25.     To reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424-425.

26.     To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest level of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co).*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); *In re International Distribution Centers, Inc.,* 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

27.     The Court should also consider the fair and reasonable course of action for the Debtor's estate, with the limited available assets, giving consideration to the interests of creditors

and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *In re Del Grosso*, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989) (citation omitted). See also *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); *In re Lawrence & Erausguin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

28.     The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 866-67 (Bankr. E.D. Mo. 1988).

29.     The settlement of disputes is encouraged and generally favored in bankruptcy cases. *See In re 2070 Rest. Grp., LLC*, Case No. 18-12323 (JLG) (Bankr. S.D.N.Y. November 4, 2004) (Memorandum Decision approving Trustee's Rule 9019 Motion); *see also Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

30.     As detailed above, the proposed settlement is fair, equitable, in the best interests of the Ghatanfard Debtor estate and the LCM Debtor estate, and well within the range of reasonableness. The proposed settlement resolves the Trustees' claims against the Settling Defendants, including those asserted in the Adversary Proceeding and the Successor Liability Action, without further litigation or delay, and provides each of the Debtors' estates with an immediate $1,750,000 cash settlement payment. Additionally, certain proofs of claim filed against

the Debtors' estates, totaling over $3 million, will be withdrawn or waived as to payments from the estates. Finally, the Settling Defendants and the Class will exchange full releases. The settlement will enable the Trustees to complete the administration of the respective chapter 7 cases and make distributions to all allowed creditors, including the Class; all matters relating to the distribution of payments to the individual Class members (which is beyond the scope of the chapter 7 cases and the Trustees' administration of the estates) will be determined and overseen by the District Court and the Claims Administrator as part of the Class Action. The Trustees have concluded in their considered business judgment that the consideration to be realized by the Ghatanfard Debtor estate and the LCM Debtor estate, respectively, reflects fair value for the various claims and defenses, while also avoiding the costs, risks, and delays associated with the continued litigation of these complex matters in the Bankruptcy Court and the District Court. The $3.5 million settlement amount also represents a significant increase from the $1 million total settlement amount proposed under the Prior Ghatanfard 9019 Motion and the Prior LCM 9019 Motion, which were filed by the Debtors prior to the Trustees' appointments.

31. Based on the foregoing, the Trustees respectively submit that the Settlement Agreement is reasonable and represents a fair return to the Debtors' estates and their creditors. Therefore, the Trustees respectfully request that this Court approve the Settlement Agreement.

### Notice

32. Notice of this Application has been served by first class mail upon counsel to the Settling Parties, all known individual members of the Class, counsel to the Class, all known creditors of the estates, all parties-in-interest, all parties requesting notice, and the United States Trustee. The Trustees respectfully submit that such notice complies with Bankruptcy Rule 2002

11

and is otherwise reasonable and appropriate, and that no other or further notice is required or necessary.

## No Prior Relief

33. Except as otherwise detailed herein, no other application for relief sought herein has been made to this or any other Court.

*WHEREFORE*, the Trustees respectfully request that the Bankruptcy Court enter an order, substantially in the form annexed hereto as Exhibit D, approving the Settlement Agreement, and granting them such other and further relief as is deemed proper.

Dated: New York, New York
May 18, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By:  /s/ Yann Geron
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
May 18, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By:  /s/ Neil Berger
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

12

**Exhibit A**

**Settlement Agreement**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                        :
                                                              :          Chapter 7
                                                              :          Case No. 23-22840 (SAB)
DAVOUD GHATANFARD a/k/a                                        :
DAVID GHATANFARD,                                             :
                                                              :
                                                              :
                              Debtor.                         :
------------------------------------------------------------------x
In re:                                                        :
                                                              :
                                                              :          Chapter 7
                                                              :          Case No. 23-22845 (SAB)
LAURA CHRISTY MIDTOWN LLC,                                     :
                                                              :
                              Debtor.                         :
------------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of                :
Davoud Ghatanfard a/k/a David Ghatanfard,                     :
                                                              :
                              Plaintiff,                       :
                                                              :
-against-                                                     :          Adv. Pro. No. 25- 07032 (SAB)
                                                              :
ROSEY KALAYJIAN and HAMPTONS                                   :
CONSULTING SERVICES LLC,                                       :
                                                              :
                              Defendants.                      :
------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between Yann

Geron (the "Ghatanfard Trustee"), as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a

David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and

Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), as

chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"), an above-captioned debtor

(the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), on the one hand, and

Ghatanfard, Rosey Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and

Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalayjian, and HCS, the "Settling Defendants") on the other (collectively, the Trustees and the Settling Defendants are the "Parties"), in full and final resolution of any and all claims between the Parties, hereby agree as follows:

### RECITALS

a.  The Class Action, Judgment, and Successor Liability Action

**WHEREAS**, on or about January 25, 2017, a group of employees (the "Class") sued LCM and Ghatanfard, among others, in the United States District Court for the Southern District of New York (the "Class Action District Court") in an action entitled *Zivkovic v. Laura Christy Midtown LLC et. al* bearing index number 17-00553 (the "Class Action").  In or about April 2022, a jury trial was held and a verdict in favor of the Class Action plaintiffs was entered.  On or about June 22, 2022, a judgment was entered against the Debtors and related entities and in favor of the Class Action plaintiffs in the amount of $5,092,017.85 plus interest, fees and costs (the "Judgment"); and

**WHEREAS**, the full amount of the Judgment, plus interest, remains due and owing, and, as further detailed below, the Class Action plaintiffs have filed timely proofs of claim in each of the Ghatanfard and LCM bankruptcy cases in the amount of the Judgment plus interest through the respective petition dates; and

**WHEREAS**, in August 2022, the Class commenced an action in the United States District Court for the Southern District of New York (the "Successor Liability Action District Court") against VATP entitled *Zivkovic et ano v. Valbella at the Park, LLC*, Case No.: 22-cv-07344-AS (the "Successor Liability Action"), asserting that VATP is the "alter ego" or successor of the LCM Debtor and that VATP should be liable for the Judgment.

2

*WHEREAS*, on July 5, 2023, at the request of the Class, the Class Action District Court issued a TRO against Kalayjian that temporarily restrained her from transferring, encumbering, removing, or dissipating, without prior District Court approval, (i) funds or other assets in Kalayjian's name or for Kalayjian's benefit with certain limited exception for ordinary course living expenses, and (ii) Kalayjian's ownership interest in insider entity Oak Grove Road LLC ("OGR"); and

*WHEREAS*, in October 2023, the Class Action District Court granted the Class's motion for attachment against Kalayjian, extending the terms of the TRO (the "Attachment Order"); and

b.   The Debtors' Bankruptcy Proceedings

*WHEREAS*, on November 13, 2023, the Ghatanfard Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

*WHEREAS*, on November 13, 2024, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Ghatanfard Debtor estate; and

*WHEREAS*, on November 14, 2023, the LCM Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

*WHEREAS*, on November 14, 2023, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the LCM Debtor estate; and

*WHEREAS*, on April 11, 2024, the Bankruptcy Court entered an order in each Debtor's case converting such case to one under Chapter 7 of the Bankruptcy Code; and

*WHEREAS*, on April 29, 2024, the Ghatanfard Trustee was appointed as the interim chapter 7 trustee of the Ghatanfard Debtor's bankruptcy estate, he has since qualified and is currently serving as permanent chapter 7 trustee of the Ghatanfard Debtor's estate; and

3

**WHEREAS**, on April 29, 2024, the LCM Trustee was appointed as the interim chapter 7 Trustee of the LCM Debtor's bankruptcy estate, he has since qualified and is currently serving as permanent chapter 7 trustee of this estate; and

**WHEREAS**, Ghatanfard's bankruptcy schedules list his 100% ownership interest in LCM, his 10% ownership interest in OGR, and his 50% ownership interest in real property located at 56 Oak Grove Road, Southampton, New York 11968 (the "Southampton Property"); and

**WHEREAS**, Kalayjian owns the remaining 50% of the Southampton Property; and

**WHEREAS**, on October 21, 2025, the Bankruptcy Court entered an order modifying the automatic stay and authorizing the LCM Trustee to retain special counsel to pursue the Successor Liability Action on behalf of the LCM Debtor's estate; and

**WHEREAS**, by complaint dated November 13, 2025, the Ghatanfard Trustee commenced an adversary proceeding, Adv. Pro. No. 25- 07032–shl, against Kalayjian and HCS seeking to recover alleged fraudulent transfers made by Ghatanfard to these defendants (the "Kalayjian Adversary Proceeding"); and

**WHEREAS**, on December 22, 2025, Kalayjian and HCS answered the Ghatanfard Trustee's complaint denying liability and asserting various other defenses to the claims alleged in the Kalayjian Adversary Proceeding complaint; and

**WHEREAS**, the Kalayjian Adversary Proceeding is pending; and

c. Claims Filed Against the Debtors' Estates

**WHEREAS**, the following proofs of claim have been filed against the Ghatanfard Debtor:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | Wooster 76 LLC | General, Unsecured | $187,375.05 |
| 2 | Wilmington Savings Fund Society, FSB | Secured (against the Southampton Property) | $2,120,941.21 |
| 3 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,463,767.38 |

4

| 4 | Pavle Zivkovic, Individually | General, Unsecured | $242,500.00 |
| 5 | Penachio Malara, LLP | Chapter 11 Administrative | $100,000.00 |
| 6 | Valbella at the Park, LLC | General, Unsecured | $928,509.85 |

**WHEREAS,** on April 23, 2024, the Ghatanfard Debtor objected to claim nos. 3 and 4 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "Ghatanfard Employee Claims"), which claim objections are pending (together, the "Ghatanfard Claim Objections"); and

**WHEREAS,** the following proofs of claim have been filed against the LCM Debtor:

| Claim No. | Claimant | Priority | Amount |
| --- | --- | --- | --- |
| 1 | New York State Department of Labor | Priority | $897.43 |
| 2 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,464,177.53 |
| 3 | Pavle Zivkovic, Individually | General, Unsecured | $492,500.00 |
| 4 | Internal Revenue Service | Priority | $5,311.01 |
| 4 | Internal Revenue Service | General, Unsecured | $656.29 |
| 5 | New York State Department of Taxation &Finance | Priority | $200.05 |
| 5 | New York State Department of Taxation &Finance | General, Unsecured | $13.92 |
| 6 | Yann Geron, as Chapter 7 Trustee of the Estate of David Ghatanfard | General, Unsecured | Unliquidated |

**WHEREAS,** on April 23, 2024, the LCM Debtor objected to claim nos. 2 and 3 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "LCM Employee Claims"), which claim objections are pending (together, the "LCM Claim Objections"); and

**WHEREAS,** as a result of extended good-faith arms' length negotiations, the Parties have agreed to resolve all claims asserted, or which could have been asserted, by the Trustees against the Settling Defendants on the terms and conditions set forth herein. This Settlement Agreement is intended to constitute a global resolution and settlement of any and all claims, causes of action and disputes of any kind between the parties and their affiliated persons, parties and legal entities.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth

herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

1. <u>Incorporation of Recitals</u>. The above recitals, including all accompanying footnotes, are incorporated herein in their entirety.

2. <u>Bankruptcy Court Approval Required</u>. This Settlement Agreement is subject to and conditioned upon entry of an order of the Bankruptcy Court approving the terms of this Settlement Agreement (the "<u>Approval Order</u>").  This Settlement Agreement shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If this Settlement Agreement is not approved by the Bankruptcy Court for any reason, this Settlement Agreement shall be deemed null and void, and the Parties shall return to the state they were in prior to the Settlement Agreement, including the return of the Settlement Payment as such term is defined in ¶ 3 below, along with accrued interest.

3. <u>Settlement Payment</u>.  Within 14 business days following execution of this Settlement Agreement (the "<u>Payment Due Date</u>"), time being of the essence, the Settling Defendants shall together pay to the Trustees a total of $3,500,000, payable $1,750,000 <u>each</u> to the Ghatanfard Trustee and to the LCM Trustee (the "<u>Settlement Payment</u>") in accordance with wire transfer information to be provided to counsel for the Settling Defendants by each of the Trustees. The payment(s) of the Settlement Payment into the Ghatanfard and LCM segregated interest- bearing estate accounts maintained by the Trustees are deemed permissible and shall not constitute a violation of the TRO and Order of Attachment issued by the District Court. The parties to the District Court Action stipulate and agree to have the TRO and Order of Attachment vacated upon the Effective Date as a result of this Settlement Agreement. The Settlement Amount will be held by the Trustees in segregated interest-bearing estate accounts until the Effective Date (defined

6

below). In the event the Bankruptcy Court approves the Settlement, the interest earned and accrued on the Settlement Payment while the Settlement Payment remains in escrow shall be paid over to the Trustees. Alternatively, in the event the Bankruptcy Court does not approve of the Settlement Agreement, the Settlement Payment plus any interest earned and accrued on the Settlement Payment while the Settlement Payment remains in escrow shall be paid over to Settling Defendants within 10 business days of the Bankruptcy Court order disapproving of the Settlement Agreement.

4. <u>Payment Default in Making the Settlement Payment.</u> In the event the Settlement Payment is not received by the Trustees by the Payment Due Date, time being of the essence, the Trustees shall be authorized to serve a written notice of default with respect to the payment default ("<u>Payment Default</u>") by email to the respective undersigned counsel to the Settling Defendants. The Settling Defendants shall have five business days to cure such Payment Default (the "<u>Payment Default Cure Period</u>"). If the Payment Default is not cured within the Payment Default Cure Period, time being of the essence, the full Settlement Payment amount shall accrue interest at the rate of 15% *per annum* ($1,438.36 *per diem*), compounding weekly, and the Settlement Payment shall increase by this amount for each day's delay in payment after the Payment Due Date until the full Settlement Payment is received by the Trustees.

5. <u>Application for Court Approval.</u> Within seven (7) business days following receipt in full of the Settlement Payment, the Trustees shall jointly seek an Approval Order from the Bankruptcy Court, pursuant to Bankruptcy Rule 9019, on notice to all known creditors and parties in interest, including all presently known individual members of the Class (each, a "<u>Class Member</u>"). By agreeing to this Settlement Agreement, the Settling Defendants consent to the jurisdiction of the Bankruptcy Court to interpret and enforce the Settlement Agreement.

6. <u>Wilmington Savings Fund Society, FSB ("WSFS") Claim</u>. Ghatanfard and Kalayjian are the fee simple owners of the Southampton Property and as such are legally responsible for the payment of the mortgage on the Southampton Property held by Wilmington Savings Fund Society, FSB ("<u>WSFS</u>"). WSFS has filed proof of claim no. 1 as a secured creditor in the Ghatanfard Debtor's bankruptcy estate (the "<u>Mortgage Claim</u>"). Within 5 business days of the Settlement Agreement being fully executed, Ghatanfard and Kalayjian shall submit a declaration recognizing the validity of the underlying mortgage obligation on the Southampton Property and affirming their commitment to be solely responsible for all future payments relating to mortgage, and file a motion and/or seek Court approval causing the Mortgage Claim to either (i) be expunged against the Ghatanfard Debtor's estate, (ii) be withdrawn in its entirety, (iii) be reduced to $0, or (iv) have WSFS waive in writing its receipt of any distribution from the Ghatanfard Debtor's estate on account of the Mortgage Claim. Ghatanfard and Kalayjian shall use their best efforts to have the foresaid motion granted by the Bankruptcy Court, if such motion is filed.

7. <u>Release of the Defendant Released Parties by the Trustees and the Debtors' Estates</u>. Upon the later of (i) receipt in full of the Settlement Payment by the Trustees, (ii) filing of the aforementioned motion concerning the WSFS Mortgage Claim, its reduction to $0, or waiver by WSFS of receipt of any distribution from the Ghatanfard Debtor's estate on account of the Mortgage Claim, (iii) entry of the Approval Order in each of the Debtors' bankruptcy cases and such orders becoming final and non-appealable orders, and (iv) the passage of 91 calendar days following the Trustees' receipt of the Settlement Payment (the "<u>Effective Date</u>"), the Trustees and the Debtors' Estates, the Class Representative on behalf of himself individually and on behalf of the Class and all Class Members, and each of their successors, assigns and predecessors

8

(collectively, the "Trustee Releasors"), hereby release and forever discharge (i) the Settling Defendants and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, owners, shareholders, members, officers, directors, employees, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (the "Released Defendants") and (ii) Laura Christy LLC d/b/a/ Valbella Meatpacking, Genco Luca, Valbella at the Park LLC, Alpine Pike Investments LLC, Oak Grove Road LLC, Hamptons Consulting Services LLC, Robert Daleo, Rosey Kalayjian, David Ghatanfard, and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively the "Released Affiliates" and  together with the Released Defendants, the "Defendant Released Parties"), from any and all actions, causes of action, accounts, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Trustee Releasors ever had, now has or hereafter can, shall or may have, against the Defendant Released Parties, that has or could have been asserted against the Released Parties, whether known or unknown, by reason of any matter, cause, or thing whatsoever, including but not limited to claims and causes of action arising under sections 502, 541, 542, 544, 548, 550, and 551 of the Bankruptcy Code, from the beginning of the world to the Effective Date, provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustees to enforce this Settlement Agreement in accordance with its terms.  This Release also includes the release of any and all claims arising under the TRO and Order of Attachment including the previous motion filed by the Trustees and Class alleging violations by Rosey Kalayjian, Oak Grove Road LLC and Hamptons Consulting Group LLC of the terms of the TRO and Order of Attachment and seeking

9

findings of contempt and sanctions, including claims, if any, against Rosey Kalayjian, Oak Grove Road LLC and Hamptons Consulting Group LLC and claims that such parties lack a full right of ownership, possession and control over monies in their accounts other than the Settlement Payment.

8.        Release of Claims of Trustee, Class and Class Members to Claims of their Rightful Ownership of Disputed Assets.    Upon the Effective Date, the releases described in paragraph 7 above also includes the release of any and all claims by the Trustees, the Class and the Class Members that, with the exception of the Settlement Payment, they have any claim to have or retain any ownership of any assets which were part of the judgment enforcement action(s) and fraudulent conveyance action(s) in which the Trustees, Class or Class Members otherwise claimed an interest in such property.

9. Release of the Trustees and the Debtors' Estates by the Settling Defendants. Upon the Effective Date, the Defendant Released Parties and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively, the "Settling Defendant Releasors"), hereby release and forever discharge the Trustees, their professionals, and the Ghatanfard and LCM estates and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, owners, shareholders, members, officers, directors, employees, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (the "Trustee Released Parties"), from any and all actions, causes of action, accounts, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Settling Defendant Releasors ever had, now has or hereafter

10

can, shall or may have, against the Trustee Released Parties, that has or could have been asserted against the Trustee Released Parties, whether known or unknown, by reason of any matter, cause, or thing whatsoever, including but not limited to any and all claims, including those arising under Section 502(h) of the Bankruptcy Code for or on account of the Settlement Payment. The Settling Defendants Releasors shall not file any proofs of claim in the Debtors' cases as a result of the Settlement Payment.

10. Mutual Releases by the Counsel for the Class, the Class, Class Representative and Settling Defendants.  Upon the Effective Date, Counsel for the Class, the Class, and the Class Representative, each individually and collectively on behalf of all Class Members, hereby releases and forever discharges the Defendant Released Parties from any and all actions, causes of action, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Class Representative ever had, now has or hereafter can, shall or may have, against the Defendant Released Parties relating to or arising from the Class Action, the Judgement, the Successor Liability Action, the Adversary Proceeding, or the Debtors' bankruptcy cases.  Upon the Effective Date, the Defendant Released Parties hereby release the Class Representative, the Class Members, counsel to the Class, and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively, the "Class Released Parties") from any and all actions, causes of action, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Settling Defendants ever had, now has or hereafter can, shall or may have, against the Class Released

11

Parties relating to or arising from the Class Action, the Judgment, the Successor Liability Action, the Adversary Proceeding, or the Debtors' bankruptcy cases.

11. <u>Dismissal of Adversary Proceeding</u>.  Upon the Effective Date, the Kalayjian Adversary Proceeding shall be deemed dismissed with prejudice, and within five business days of the Effective Date, the Ghatanfard Trustee, Kalayjian and HCS shall file a stipulation of dismissal with prejudice of the Kalayjian Adversary Proceeding in the form annexed hereto as Exhibit A, to be "So Ordered" by the Bankruptcy Court, with prejudice and with each side bearing its own costs.

12. <u>Dismissal of Successor Liability Action</u>.  Within five (5) business days of the Effective Date, the LCM Trustee and VATP shall file a stipulation of dismissal of the Successor Liability Action in the Successor Liability Action in the District Court, in the form annexed hereto as Exhibit B with each side bearing its own costs.   Such dismissal shall be with prejudice, with each side bearing its own costs.

13. <u>Lifting of the TRO and Attachment Order.</u>   Within five (5) business days of the Effective Date, the Class Representative and Settling Defendants shall file a stipulation in the Class Action District Court requesting that the Class Action District Court vacate the TRO and Attachment Order against Kalayjian any other entities or persons subject to the TRO and Attachment Order, and order the return to Class counsel of any and all monetary undertakings required in connection with the TRO and Attachment Order.

14. <u>Resolution of Proofs of Claim</u>. Upon the Effective Date, (i) the Ghatanfard Debtor shall file a notice of withdrawal of the Ghatanfard Claim Objections, (ii) the LCM Debtor shall file a notice of withdrawal of the LCM Claim Objections; (iii) proof of claim no. 6 filed against the LCM Debtor by the Ghatanfard Trustee shall be deemed automatically withdrawn without further action or order of the Bankruptcy Court; and (iv) proof of claim no. 6 filed against the

Ghatanfard Debtor by VATP shall be deemed automatically withdrawn without further action or order of the Bankruptcy Court. The Debtors and the Settling Defendants shall not file any further or other objections to allowance of the Ghatanfard Employee Claims or the LCM Employee Claims.

15. Payment of Settlement Amounts. Upon the Effective Date, the Settlement Payment shall be released from the Trustees' segregated estate accounts into the general estate accounts and may be disbursed by the Trustees in the usual course and pursuant to the Trustees' final reports, as approved by the Bankruptcy Court.

16. District Court Class Action. Upon the Bankruptcy Court's approval of this Settlement Agreement, the Class Representative shall apply to the Class Action District Court to appoint a third-party claims administrator and disburse the funds via that claims administrator ("Claims Administrator"). Each Party reserves all rights to argue in the District Court regarding the method of calculation of individual awards of the Class members, the claim distribution mechanisms, and the treatment of any surplus. Each Party further agrees that immediately following the District's Court's decision with respect to the distribution process, the Claims Administrator shall disburse the payments in accordance with such decision, and each Party waives their rights to appeal the District Court's decision on these matters. After all amounts are disbursed by the Claims Administrator, (a) the parties in the District Court Class Action shall file a stipulation of dismissal with prejudice of the District Court Class Action, in the form annexed hereto as Exhibit C with each side bearing its own costs, and (b) the parties in the District Court Class Action and Counsel for the Class as Judgment Creditors shall file a Satisfaction of Judgment obtained in the District Court Class Action in the form annexed hereto as Exhibit D.

13

17. <u>Confidential Materials Received by the Ghatanfard Trustee from Kalyajian</u>. Upon the Effective Date, the Ghatanfard Trustee and his professionals shall destroy all confidential materials provided to them pursuant to the Stipulation for the Exchange and Production of Confidential Documents between the Ghatanfard Trustee and Kalayjian, which was "So Ordered" on October 29, 2025.

18. <u>Entire Agreement/No Oral Modification</u>. This Settlement Agreement constitutes the entire agreement between the Parties with respect to its subject matter and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions or understandings, either oral or written, express or implied, between the Parties, except for this Settlement Agreement with respect to its subject matter. The terms of this Settlement Agreement are contractual and not merely recitals. This Settlement Agreement may not be modified, amended, altered, changed or waived, except in writing and duly executed by all Parties and, to the extent necessary, upon Court approval.

19. <u>Representation by the Parties</u>. The Parties acknowledge that they are entering into this Settlement Agreement knowingly and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

20. <u>Authority of Signatories</u>. The Parties hereby warrant and represent that the individual signing this Settlement Agreement on their behalf are duly authorized, have the requisite authority, and have taken all actions necessary, to execute and deliver this Settlement Agreement

14

on behalf of the respective Party as a legally binding agreement, subject to approval by the Bankruptcy Court.

21. Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

22. Non-Reliance and Construction. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other Party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

23. No Waiver. No failure or delay by either Party in exercising any right, power, or privilege under this Settlement Agreement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

24. Severability. The invalidity, illegality, or unenforceability of any provision of this Settlement Agreement shall not affect any other provision of this Settlement Agreement, which Settlement Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

25. Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which shall constitute a single and identical agreement. It shall not be necessary, in making proof of this Settlement Agreement, to produce or account for more than one complete set of counterparts. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

15

Dated: New York, New York

   May 4    , 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of
the estate of Davoud Ghatanfard*

By: _____

   Yann Geron, Esq.
   Nicole N. Santucci, Esq.
   Alejandro J. Urquides, Esq.
   370 Lexington Avenue, Suite 1208
   New York, New York 10017
   (646) 560-3224
   ygeron@geronlegaladvisors.com
   nsantucci@geronlegaladvisors.com
   aurquides@geronlegaladvisors.com

Dated: New York, New York

   _____, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of
the estate of Laura Christy Midtown LLC*

By: _____

   Neil Berger, Esq.
   Eitan E. Blander, Esq.
   One Penn Plaza, Suite 3335
   New York, New York 10119
   (212) 594-5000
   neilberger@teamtogut.com
   eblander@teamtogut.com

Dated: New York, New York

   _____, 2026

PAVLE ZIVKOVIC

Individually and as Class Representative

By: _____

   Pavle Zivkovic

Dated: New York, New York

   **May 5**   , 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: _____

   Anne Penachio
   245 Main Street, Suite 450
   White Plains, New York 10601
   (914) 946-2889
   anne@pmlawllp.com

16

Dated: New York, New York
_____, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of
the estate of Davoud Ghatanfard*

By: _____

Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
___May 5___, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of
the estate of Laura Christy Midtown LLC*

By: _____

Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

Dated: New York, New York
_____, 2026

PAVLE ZIVKOVIC
Individually and as Class Representative

By: _____
Pavle Zivkovic

Dated: New York, New York
_____, 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: _____

Anne Penachio
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889
anne@pmlawllp.com

16

Dated: New York, New York
_____, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By: _____
    Yann Geron, Esq.
    Nicole N. Santucci, Esq.
    Alejandro J. Urquides, Esq.
    370 Lexington Avenue, Suite 1208
    New York, New York 10017
    (646) 560-3224
    ygeron@geronlegaladvisors.com
    nsantucci@geronlegaladvisors.com
    aurquides@geronlegaladvisors.com

Dated: New York, New York
_____, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By: _____
    Neil Berger, Esq.
    Eitan E. Blander, Esq.
    One Penn Plaza, Suite 3335
    New York, New York 10119
    (212) 594-5000
    neilberger@teamtogut.com
    eblander@teamtogut.com

Dated: New York, New York
  May 4__, 2026

PAVLE ZIVKOVIC
Individually and as Class Representative

By: _____
    Pavle Zivkovic

Dated: New York, New York
_____, 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: _____
    Anne Penachio
    245 Main Street, Suite 450
    White Plains, New York 10601
    (914) 946-2889
    anne@pmlawllp.com

16

Dated: New York, New York          ROSEY KALAYJIAN, Individually
           5 · 1        , 2026

                                   By: _____
                                        Rosey Kalayjian

Dated: New York, New York          VALBELLA AT THE PARK LLC
           5 · 1        , 2026

                                   By: _____
                                        Rosey Kalayjian

Dated: New York, New York          HAMPTONS CONSULTING GROUP LLC
           5 · 1        , 2026

                                   By: _____
                                        Rosey Kalayjian


**ACCEPTED AND AGREED TO SOLEY AS TO PARAGARPHS 3, 8, 10, 16, and 19:**

Dated: New York, New York          JOSEPH & KIRSCHENBAUM, LLP
           _____ , 2026        *Attorneys for the Class Representative and Class
                                   Action Plaintiffs*

                                   By: _____
                                        D. Maimon Kirschenbaum
                                        Josef Nussbaum
                                        Lucas Buzzard
                                        32 Broadway Ave., Suite 601
                                        New York, New York 10004
                                        (212) 688-5640
                                        maimon@jk-llp.com
                                        jnussbaum@jk-llp.com
                                        lucas@jk-llp.com

17

Dated: New York, New York
        _____, 2026

ROSEY KALAYJIAN, Individually

By: _____

    Rosey Kalayjian


Dated: New York, New York
        _____, 2026

VALBELLA AT THE PARK LLC

By: _____

    Rosey Kalayjian


Dated: New York, New York
        _____, 2026

HAMPTONS CONSULTING GROUP LLC

By: _____

    Rosey Kalayjian


**ACCEPTED AND AGREED TO SOLEY AS TO PARAGARPHS 3, 8, 10, 16, and 19:**

Dated: New York, New York
       May 4  , 2026

JOSEPH & KIRSCHENBAUM, LLP
*Attorneys for the Class Representative and Class Action Plaintiffs*

By: _____

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas Buzzard
32 Broadway Ave., Suite 601
New York, New York 10004
(212) 688-5640
maimon@jk-llp.com
jnussbaum@jk-llp.com
lucas@jk-llp.com

17

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

In re:                                                              Chapter 7

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD,                                  Case No. 23-22840-sab

                        Debtor.
————————————————————————X
YANN GERON, Chapter 7 Trustee of the Estate of
Davoud Ghatanfard a/k/a David Ghatanfard,          Adv. Pro. No. 25-07032-sab


                        Plaintiff,
-against-

ROSEY KALAYJIAN AND HAMPTONS
CONSULTING SERVICES LLC,
                        Defendants.
————————————————————————X


### [PROPOSED] ORDER APPROVING STIPULATION OF DISMISSAL

Upon consideration of the Stipulation of Dismissal executed by the parties in the above-captioned adversary proceeding, and good cause appearing therefor, it is hereby:

ORDERED that the adversary proceeding, Adv. Pro. No. [25-07032-sab], is dismissed WITH prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable herein by Rule 7041 of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that each party shall bear its own costs and attorneys' fees.

SO ORDERED.

Dated: _____, 2026


_____

HON. SHIREEN A. BARDAY
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

In re:                                                          Chapter 7

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD,                                               Case No. 23-22840-sab

                          Debtor.
———————————————————————X
YANN GERON, Chapter 7 Trustee of the Estate of
Davoud Ghatanfard a/k/a David Ghatanfard,                       Adv. Pro. No. 25-07032-sab

                                       Plaintiff,

-against-

ROSEY KALAYJIAN AND HAMPTONS
CONSULTING SERVICES LLC,
                                       Defendants.
———————————————————————X

## STIPULATION OF DISMISSAL

Plaintiff YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a

David Ghatanfard ("Plaintiff") and Defendants ROSEY KALAYJIAN AND HAMPTONS

CONSULTING SERVICES LLC ("Defendants"), by their undersigned counsel, hereby stipulate

as follows:

1.      The Parties have settled all claims and disputes in the above-captioned adversary

proceeding.

2.      Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), made applicable by Fed. R. Bankr. P.

7041, the Parties stipulate to dismissal of this adversary proceeding WITH PREJUDICE, each

party to bear its own costs and attorneys' fees.

3.      The Parties request the Court "SO ORDER" this Stipulation.

GERON LEGAL ADVISORS LLC                    HARRINGTON, OCKO & MONK, LLP


By: _____              By: _____
        Yann Geron                                 Kevin J. Harrington
        Nicole N. Santucci                         *Attorneys for Defendants*
        Jeannette Litos                            *ROSEY KALAYJIAN and*
        Alejandro Urquides                         *HAMPTONS CONSULTING*
        *Attorneys for Plaintiff YANN GERON,*      *SERVICES LLC*
        *Chapter 7 Trustee of the Estate of*       81 Main Street, Suite 215
        *Davoud Ghatanfard a/k/a David*            White Plains, NY 10601
        *Ghatanfard*                               (914) 686-4800
        370 Lexington Avenue, Suite 1208           kharrington@homlegal.com
        New York, New York 10017                   mfreudenberg@homlegal.com
        (646) 560-3224
        ygeron@geronlegaladvisors.com      Dated: White Plains, New York
        jlitos@geronlegaladvisors.com             April ___, 2026
        aurquides@geronlegaladvisors.com


Dated:  New York, New York
        April ____, 2026

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

ALBERT TOGUT, NOT INDIVIDUALLY BUT
SOLELY IN HIS CAPACITY AS THE CHAPTER 7
TRUSTEE OF THE ESTATE OF LAURA CHRISTY
MIDTOWN, LLC,

                                 Plaintiff,

        v.

VALBELLA AT THE PARK, LLC,

                             Defendant.

———————————————————————X

Case No. 22-cv-07344 (AS)

**STIPULATION OF
VOLUNTARY DISMISSAL
PURSUANT TO F.R.C.P.
41(a)(1)(A)(ii)**

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their

respective counsel that the above-captioned action is voluntarily dismissed, with prejudice, against

Defendant VALBELLA AT THE PARK, LLC pursuant to the Federal Rules of Civil Procedure

41(a)(1)(A)(ii).

Dated: White Plains, New York
       March _____, 2026

JOSEPH & KIRSCHENBAUM LLP          HARRINGTON, OCKO, & MONK, LLP

By: _____        By: _____

     Josef Nussbaum                      Kevin J. Harrington
     *Attorneys for Plaintiff*                 Michael W. Freudenberg
     ALBERT TOGUT, NOT               *Attorneys for Defendant*
     INDIVIDUALLY BUT SOLELY        VALBELLA AT THE PARK, LLC
     IN HIS CAPACITY AS THE            81 Main Street, Suite 215
     CHAPTER 7 TRUSTEE OF THE        White Plains, NY 10601
     ESTATE OF LAURA CHRISTY         (914) 686-4800
     MIDTOWN, LLC                       kharrington@homlegal.com
     45 Broadway, Suite 320           mfreudenberg@homlegal.com
     New York, NY 10006
     (212) 688-5640
     jnussbaum@jk-llp.com

TO: Counsel of Record (via ECF)

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

PAVLE ZIVKOVIC, on behalf of himself and others
similarly situated,

                Plaintiff,

      v.

LAURA CHRISTY LLC d/b/a VALBELLA, LAURA
CHRISTY MIDTOWN LLC, DAVID GHATANFARD,
and GENCO LUCA,

                Defendants.

_____X

Case No. 17-cv-00553 (GHW)

**STIPULATION OF
VOLUNTARY DISMISSAL
PURSUANT TO F.R.C.P.
41(a)(1)(A)(ii)**

      IT IS HEREBY STIPULATED AND AGREED by and between the parties and their

respective counsel that the above-captioned action is voluntarily dismissed, with prejudice, against

Defendants LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC,

and DAVID GHATANFARD, pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

      IT IS HEREBY FURTHER STIPULATED AND AGREED that this stipulation may be

executed in counterparts, each of which shall constitute an original, but all taken together shall

constitute a single document.

Dated: White Plains, New York
      March ____, 2026


JOSEPH & KIRSCHENBAUM LLP           NEAL S. COMER, Attorney at Law


By: _____     By:_____
      Josef Nussbaum                   Neal S. Comer
      *Attorneys for Plaintiff*             *Attorneys for Defendants*
      PAVLE ZIVKOVIC                LAURA CHRISTY LLC d/b/a
      45 Broadway, Suite 320           VALBELLA, LAURA CHRISTY
      New York, NY 10006              MIDTOWN LLC, and
      (212) 688-5640                  DAVID GHATANFARD
      jnussbaum@jk-llp.com           81 Main Street, Suite 205
                                     White Plains, NY 10601
                                     (914) 683-5400

comeresq@aol.com

HAROLD, SALANT, STRASSFIELD &
SPIELBERG


By: _____
        Leonard I. Spielberg
        Neal S. Comer
        *Attorneys for* Defendant
        LAURA CHRISTY MIDTOWN
        LLC
        81 Main Street, Suite 205
        White Plains, NY 10601
        (914) 683-2500
        lenspielberg@aol.com

TO:

Counsel of Record (via ECF)

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

PAVLE ZIVKOVIC, on behalf of himself and others          Case No. 17-cv-00553 (GHW)
similarly situated,

                Plaintiff,          **SATISFACTION**
      v.          **OF JUDGMENT**


LAURA CHRISTY LLC d/b/a VALBELLA, LAURA
CHRISTY MIDTOWN LLC, DAVID GHATANFARD,
and GENCO LUCA,

                Defendants.

_____X


**(VERSION 1)**

       I, Josef Nussbaum, being duly sworn, state:

      1.     I am a member of the firm of JOSEPH & KIRSCHENBAUM LLP, attorneys for

Plaintiff/Judgment Creditor, PAVLE ZIVKOVIC, on behalf of himself and others similarly situated

("Plaintiff/Judgment Creditor") in this action.

      2.     On July 4, 2023, Judgment was entered in the above-captioned action in favor of

Plaintiff/Judgment Creditor and against Defendants LAURA CHRISTY LLC d/b/a VALBELLA,

LAURA CHRISTY MIDTOWN LLC, and DAVID GHATANFARD, jointly and severally

("Defendants")

      3.     The Judgment has been fully paid and satisfied, and the Clerk of the Court is hereby

authorized and directed to mark the Judgment as SATISFIED.

Dated: White Plains, New York
       March ____, 2026

                            JOSEPH & KIRSCHENBAUM LLP


                        By: _____
                               Josef Nussbaum
                             *Attorneys for Plaintiff*

PAVLE ZIVKOVIC, on behalf
of himself and others similarly
situated
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
jnussbaum@jk-llp.com

STATE OF NEW YORK          )
                          )     ss.:
COUNTY OF _____    )


On the _____ day of _____, 2026 before me personally came Josef Nussbaum, to

me known and known to be a member of the firm of JOSEPH & KIRSCHENBAUM LLP,

attorneys for Plaintiff/Judgment Creditor, PAVLE ZIVKOVIC, on behalf of himself and others

similarly situated in the above-entitled action, and to be the same person described in and who

executed the within satisfaction of judgment and acknowledged to me that he executed the same.


_____
                    Notary Public


**(VERSION 2)**

WHEREAS, a Judgment was entered in the above action on the 4th day of July, 2023, in

favor of the SUBCLASSES _____ and against

Defendants LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC,

and DAVID GHATANFARD, jointly and severally, in the amount of $5,092,017.85, plus post-

judgment interest from the 22nd day of June, 2022, _____ with costs to be taxed, and costs in the

2

amount of $_____ having been taxed on the \_\_\_\_\_ day of _____, \_\_\_\_\_, and

said judgment with interest and costs thereon having been fully paid, and it is certified that there

are no outstanding executions with any Sheriff or Marshall,

THEREFORE, full and complete satisfaction of said judgment is hereby acknowledged,

and the Clerk of the Court is hereby authorized and directed to make an entry of the full and

complete satisfaction on the docket of said judgment.

Dated: White Plains, New York
        March \_\_\_\_, 2026

JOSEPH & KIRSCHENBAUM LLP

By: _____
    Josef Nussbaum
    *Attorneys for Plaintiff*
    PAVLE ZIVKOVIC, on behalf
    of himself and others similarly
    situated
    45 Broadway, Suite 320
    New York, NY 10006
    (212) 688-5640
    jnussbaum@jk-llp.com

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF _____   )

On the \_\_\_\_\_ day of _____, 2026 before me personally came Josef Nussbaum, to

me known and known to be a member of the firm of JOSEPH & KIRSCHENBAUM LLP,

attorneys for Plaintiff, PAVLE ZIVKOVIC, on behalf of himself and others similarly situated in

the above-entitled action, and to be the same person described in and who executed the within

satisfaction of judgment and acknowledged to me that he executed the same.

3

_____
Notary Public

4

**Exhibit B**

**Blander Declaration**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Eitan Blander

*Attorneys for the Chapter 7 Trustee*
*of Laura Christy Midtown LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                   :
                                                         :        Chapter 7
                                                         :        Case No. 23-22840 (SAB)
DAVOUD GHATANFARD a/k/a                                   :
DAVID GHATANFARD,                                        :
                                                         :
                                                         :
                              Debtor.                     :
------------------------------------------------------------x
In re:                                                   :
                                                         :        Chapter 7
                                                         :        Case No. 23-22845 (SAB)
LAURA CHRISTY MIDTOWN LLC,                               :
                                                         :
                              Debtor.                     :
                                                         :
------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of :
Davoud Ghatanfard a/k/a David Ghatanfard,               :
                                                         :
                              Plaintiff,                 :
                                                         :
-against-                                                :        Adv. Pro. No. 25- 07032 (SAB)
                                                         :
ROSEY KALAYJIAN and HAMPTONS                             :
CONSULTING SERVICES LLC,                                 :
                                                         :
                              Defendants.                 :
------------------------------------------------------------x

**DECLARATION OF EITAN BLANDER IN SUPPORT OF TRUSTEES' JOINT
APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019,
<u>AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT</u>**

Pursuant to 28 U.S.C. § 1746, I, Eitan Blander, declare:

1.      I am an attorney at Togut, Segal & Segal LLP, counsel to the LCM Trustee.[1]

2.      I submit this declaration (the "Declaration") in support of the joint application (the "Application") of Yann Geron (the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC, an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement Agreement among the Trustees, Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants") (collectively, the Trustees and the Settling Defendants are the "Settling Parties"), and accepted and agreed to in part by the Class Representative and the Class, filed contemporaneously herewith.

3.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtors' financial affairs as recorded in documents and pleadings available to the LCM Trustee, my privileged communications with the LCM Trustee, communications with the Ghatanfard Trustee and his professionals, and/or my

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application (defined below).

2

review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4.      The factual background detailed in paragraphs 4 through 22 of the Application is incorporated herein.

5.      The Settlement Agreement represents the product of good faith, arms-length negotiations among the attorneys for each of the Settling Parties, as well as the Class Representative and the Class.

6.      The LCM Trustee has concluded, in the exercise of his business judgment, that the proposed settlements contemplated in the Settlement Agreement are fair, equitable, in the best interests of the LCM Debtor estate, and well within the range of reasonableness.  Among other things, the Settlement Agreement (i) resolves the Trustees' claims against the Settling Defendants, including those asserted in the Adversary Proceeding and the Successor Liability Action, without further litigation or delay, and provides the LCM Debtor's estate with an immediate $1,750,000 cash settlement payment, (ii) provides that certain proofs of claim filed against the Debtors' estates, totaling over $3 million, will be withdrawn or waived, (iii) provides that the Trustees and the Settling Defendants will exchange full releases, and (iv) provides, subject to notice on all Class Members, that the Class, Class Representative, and Class Counsel will exchange full releases with the Settling Defendants.  The Settlement Agreement will enable the LCM Trustee to complete the administration of LCM Debtor's estate and make distributions to the holders of all allowed claims, including the Class.  All matters relating to the distribution of payments to the individual Class members, which is beyond the scope of the LCM chapter 7 case and the LCM Trustee's administration of the LCM Debtor's estate, will be determined and overseen by the District Court and the Claims Administrator as part of the Class Action.

3

7.      Moreover, the LCM Trustee has concluded in his considered business judgment that the consideration to be realized by the LCM estate reflects fair value for the claims asserted against the Settling Defendants and the possible defenses that could be asserted by the Settling Defendants, while also avoiding the costs, risks, and delays associated with the continued litigation of complex matters in the Bankruptcy Court and the District Court.  The $1.75 million to be received by the LCM Debtor's estate represents a significant increase from the $500,000 settlement amount proposed under the Prior LCM 9019 Motion that was filed prior to the LCM Trustee's appointment.

8.      Moreover, the Class, which is the holder of the largest claim against the LCM estate and the Ghatanfard estate, and which opposed the prior settlements proposed under the Prior Ghatanfard 9019 Motion and the Prior LCM 9019 Motion, has consented to terms of Settlement Agreement, subject to notice of the Application on all Class Members.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          May 18, 2026

/s/ Eitan Blander
EITAN BLANDER
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

4

**Exhibit C**

**Geron Declaration**

YANN GERON, CHAPTER 7 TRUSTEE OF THE
ESTATE OF DAVOUD GHATANFARD
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :
                                                    :        Chapter 7
                                                    :        Case No. 23-22840 (SAB)
DAVOUD GHATANFARD a/k/a                              :
DAVID GHATANFARD,                                   :
                                                    :
                              Debtor.               :
---------------------------------------------------------------x
In re:                                              :
                                                    :        Chapter 7
                                                    :        Case No. 23-22845 (SAB)
LAURA CHRISTY MIDTOWN LLC,                           :
                                                    :
                              Debtor.               :
---------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of      :
Davoud Ghatanfard a/k/a David Ghatanfard,           :
                                                    :
                              Plaintiff,            :
                                                    :
-against-                                           :        Adv. Pro. No. 25- 07032 (SAB)
                                                    :
ROSEY KALAYJIAN and HAMPTONS                         :
CONSULTING SERVICES LLC,                             :
                                                    :
                              Defendants.           :
---------------------------------------------------------------x

**DECLARATION OF YANN GERON IN SUPPORT OF TRUSTEES' JOINT
APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019,
<u>AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT</u>**

Pursuant to 28 U.S.C. § 1746, I, Yann Geron, declare:

1.      I am the chapter 7 trustee (the "Ghatanfard Trustee") of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor").

2.      I submit this declaration (the "Declaration") in support of the joint application (the "Application") of me, not individually but solely as the Ghatanfard Trustee, and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC, an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement Agreement among the Trustees, Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants") (collectively, the Trustees and the Settling Defendants are the "Settling Parties"), and accepted and agreed to in part by the Class Representative and the Class[1], filed contemporaneously herewith.

3.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtors' financial affairs as recorded in documents and pleadings available to the Ghatanfard Trustee, my privileged communications with my professionals, communications with the LCM Trustee's professionals, and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2

4. The factual background detailed in paragraphs 4 through 22 of the Application is incorporated herein.

5. The Settlement Agreement represents the product of good faith, arms-length negotiations among the attorneys for each of the Settling Parties, as well as the Class Representative and the Class.

6. I have concluded, in the exercise of my business judgment, that the proposed settlements contemplated in the Settlement Agreement are fair, equitable, in the best interests of the Ghatanfard Debtor estate, and well within the range of reasonableness. Among other things, the Settlement Agreement (i) resolves the Trustees' claims against the Settling Defendants, including those asserted in the Adversary Proceeding and the Successor Liability Action, without further litigation or delay, and provides the Ghatanfard Debtor's estate with an immediate $1,750,000 cash settlement payment, (ii) provides that certain proofs of claim filed against the Debtors' estates, totaling over $3 million, will be withdrawn or waived, (iii) provides that the Trustees and the Settling Defendants will exchange full releases, and (iv) provides, subject to notice on all Class Members, that the Class, Class Representative, and Class Counsel will exchange full releases with the Settling Defendants. The Settlement Agreement will enable me to complete the administration of Ghatanfard Debtor's estate and make distributions to the holders of all allowed claims, including the Class. All matters relating to the distribution of payments to the individual Class members, which is beyond the scope of the Ghatanfard chapter 7 case and my administration of the Ghatanfard Debtor's estate, will be determined and overseen by the District Court and the Claims Administrator as part of the Class Action.

7. Moreover, I have concluded in my considered business judgment that the consideration to be realized by the Ghatanfard estate reflects fair value for the claims asserted

3

against the Settling Defendants and the possible defenses that could be asserted by the Settling Defendants, while also avoiding the costs, risks, and delays associated with the continued litigation of complex matters in the Bankruptcy Court and the District Court. The $1.75 million to be received by the Ghatanfard Debtor's estate represents a significant increase from the $500,000 settlement amount proposed under the Prior Ghatanfard 9019 Motion that was filed prior to my appointment as the Ghatanfard Trustee.

8.      Moreover, the Class, which is the holder of the largest claim against the Ghatanfard estate and the LCM estate, and which opposed the prior settlements proposed under the Prior Ghatanfard 9019 Motion and the Prior LCM 9019 Motion, has consented to terms of Settlement Agreement, subject to notice of the Application on all Class Members.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          May 18, 2026                    */s/ Yann Geron*
                                          _____
                                          Yann Geron, Chapter 7 Trustee of the Estate of
                                          Davoud Ghatanfard a/k/a David Ghatanfard
                                          c/o Geron Legal Advisors LLC
                                          370 Lexington Avenue, Suite 1208
                                          New York, New York 10017
                                          Telephone: (646) 560-3224
                                          ygeron@geronlegaladvisors.com

4

**<u>Exhibit D</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:  :

  :   Chapter 7
  :   Case No. 23-22840 (SAB)

DAVOUD GHATANFARD a/k/a  :
DAVID GHATANFARD,  :

  :

                 Debtor.  :

-------------------------------------------------------------x

In re:  :

  :   Chapter 7
  :   Case No. 23-22845 (SAB)

LAURA CHRISTY MIDTOWN LLC,  :

  :

                 Debtor.  :

-------------------------------------------------------------x

YANN GERON, Chapter 7 Trustee of the Estate of :
Davoud Ghatanfard a/k/a David Ghatanfard,  :

  :

         Plaintiff,  :

  :

-against-  :   Adv. Pro. No. 25- 07032 (SAB)

  :

ROSEY KALAYJIAN and HAMPTONS  :
CONSULTING SERVICES LLC,  :

  :

         Defendants.  :

-------------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING GLOBAL SETTLEMENT AGREEMENT**

Upon the joint application, dated May 18, 2026 (the "Application"), of Yann Geron

(the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud

Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard

Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the

"Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown

LLC ("LCM"), an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard

Debtor, the "Debtors"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated May 5, 2026 (the "Settlement Agreement"), a copy of which was annexed to the Application as Exhibit A, among the Trustees, on the one hand, and Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants"), on the other hand (collectively, the Trustees and the Settling Defendants are the "Parties"), providing for the settlement of all pending claims by and against the Parties, including those asserted in the Class Action, the Successor Liability Action, and the above-captioned adversary proceeding commenced by the Ghatanfard Trustee against Kalayjian and HCS (Adv. Pro. No. 25-07032-sab); and upon the Blander Declaration and the Geron Declaration submitted in support of the Application; and it appearing that good and sufficient notice of the Application has been given and no other or further notice being necessary; and upon a hearing on the Application having been held before this Court on June 16, 2026 (the "Hearing"); and upon the record of the Hearing, which is incorporated herein by reference; and sufficient cause having been shown therefor; it is hereby

ORDERED that service of the notice of Application and the Hearing was good and sufficient, and no further notice thereof need be given; and it is further

ORDERED that the relief requested in the Application is granted to the extent provided herein; and it is further

ORDERED that the Settlement Agreement is approved; and it is further

ORDERED that the Parties are hereby authorized and directed to take such further actions as are necessary to consummate the terms of the Settlement Agreement; and it is further

2

***ORDERED***, that this Court shall retain jurisdiction to, among other things, interpret

and enforce the terms and provisions of this Order.

Dated:   New York, New York
         June __, 2026

                     HONORABLE SHIREEN A. BARDAY
                     UNITED STATES BANKRUPTCY JUDGE