**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re:<br><br>DAVOUD GHATANFARD a/k/a<br>DAVID GHATANFARD,<br><br>Debtor. | : | Chapter 7<br>Case No. 23-22840 (SAB) |
| In re:<br><br>LAURA CHRISTY MIDTOWN LLC,<br><br>Debtor. | : | Chapter 7<br>Case No. 23-22845 (SAB) |
| YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a David Ghatanfard,<br><br>Plaintiff,<br><br>-against-<br><br>ROSEY KALAYJIAN and HAMPTONS CONSULTING SERVICES LLC,<br><br>Defendants. | : | Adv. No. 25-07032 (SAB) |

**ORDERAUTHORIZING**
**AND APPROVING GLOBAL SETTLEMENT AGREEMENT**

Upon the joint application, dated May 19, 2026(Case No. 23-22840, ECF No. 200; Case No. 23-22845, ECF No. 133, the "9019 Application"), of Yann Geron (the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"),

an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated May 5, 2026 (the "Settlement Agreement"), a copy of which was annexed to the 9019 Application as Exhibit A, among the Trustees, on the one hand, and Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants"), on the other hand (collectively, the Trustees and the Settling Defendants are the "Parties"), providing for the settlement of all pending claims by and against the Parties, including those asserted in *Zivkovic v. Laura Christy Midtown LLC, et al.*, Case No. 17-cv-00553, *Zivkovic et ano v. Valbella at the Park, LLC*, Case No.: 22-cv-07344, and the above-captioned adversary proceeding commenced by the Ghatanfard Trustee against Kalayjian and HCS (Adv. No. 25-07032); upon the Blander Declaration (Case No. 23-22845, ECF No. 133, Ex. B) and the Geron Declaration (Case No. 23-22840, ECF No. 200-2) submitted in support of the 9019 Application, and all related filings thereto; it appearing that good and sufficient notice of the 9019 Application has been given and no other or further notice being necessary; there having been no objections filed regarding the Application; Certificates of No Objection having been filed (Case No. 23-22845, ECF No. 204; Case No. 23-22845, ECF No. 135); a hearing on the 9019 Application having been held on June 15, 2026 and continued on August 13, 2026 (the "Hearings"), and upon the record of the Hearings; and sufficient cause having been shown therefor; it is hereby:

**ORDERED** that the relief requested in the 9019 Application is GRANTED to the extent provided herein and otherwise denied;

**ORDERED** that the Settlement Agreement is approved;

**ORDERED** that the Parties are hereby authorized and directed to take such further actions as are necessary to consummate the terms of the Settlement Agreement; and it is further

**ORDERED** that this Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order.

Dated: August 13, 2026
New York, New York

/s/ *Shireen A. Barday*
**HONORABLE SHIREEN A. BARDAY**
**UNITED STATES BANKRUPTCY JUDGE**